IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERRENCE T. COLER, 13078686,       ) | |
|        Plaintiff,                            ) | |
| v.                                                      ) | No. 3:14-CV-1819-B |
|                                     ) | |
| DALLAS COUNTY SHERIFF'S DEPT.,   ) | |
| ET AL.,                                                 ) | |
|        Defendants.                     ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.  Parties**

Plaintiff was confined in the Dallas County Jail at the time he filed this complaint. He filed this complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are the Dallas County Sheriff's Department, Dallas County Jail Law Librarian Francis and United States District Court Clerk of Court Karen Mitchell. The Court has not issued process pending judicial screening.

**II.  Background**

Plaintiff claims Law Librarian Francis failed to mail his form declining to provide consent to proceed before the magistrate judge in *Coler v. Kemp*, 3:14-CV-237-P (N.D. Tex.). As a result, Plaintiff claims the case was heard and dismissed by a magistrate judge. He also claims Defendant Francis used vulgar language towards him.

**Findings and Conclusions of the
United States Magistrate Judge**            Page -1-

Plaintiff claims Defendant Karen Mitchell failed to timely mail him the Magistrate Judge's Questionnaire in this case, and that she opened mail that he addressed to the Fifth Circuit Court of Appeals. He seeks money damages.

## III. Screening

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327.

## IV. Discussion

**1.     Access to Courts**

Plaintiff claims Law Librarian Francis failed to mail to the Court his form declining to provide consent to proceed before a magistrate judge in *Coler v. Kemp*, 3:14-CV-237-P (N.D. Tex.). As a result, Plaintiff claims his case was decided and dismissed by a magistrate judge.

Prisoners have a First Amendment right of access to the courts. To state a claim that his constitutional right of access to the courts was violated, a plaintiff must show he was actually prejudiced. *Lewis v. Casey*, 518 U.S. 342, 349-51 (1996). The plaintiff must identify a nonfrivolous, arguable underlying claim that he has been unable to pursue. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis v. Casey*, 518 U.S. at 353).

In this case, the record shows that Plaintiff's complaint in cause number 3:14-CV-237-P was decided by a district judge, rather than a magistrate judge. Although the magistrate judge entered findings, conclusions and a recommendation that the complaint be dismissed, it was the district judge who dismissed the case and entered final judgment. Plaintiff's claim is therefore without merit.

Additionally, Plaintiff claims Defendant Karen Mitchell failed to timely mail him the Magistrate Judge's Questionnaire in this case. Plaintiff states the Questionnaire was entered on June 11, 2014, but was not mailed to him until June 30, 2014. The record shows the Questionnaire was mailed to Plaintiff on June 12, 2014. Moreover, on July 15, 2014, the Court granted Plaintiff an additional thirty days to file his responses to the Questionnaire. On July 21, 2014, Plaintiff timely filed his responses. Plaintiff therefore cannot show that he suffered any prejudice from this claim.

Plaintiff also claims Defendant Mitchell opened mail that he had addressed to the Fifth Circuit. Plaintiff does not identify this mail and/or pleading. Plaintiff has failed to show that he suffered any prejudice from Defendant Mitchell's alleged actions.

**2.    Vulgar Language**

Plaintiff states Law Librarian Francis used vulgar language towards him. Verbal abuse, however, does not give rise to a cause of action under § 1983. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *White v. Gutierez*, 274 Fed. Appx. 349, 349 (5th Cir. 2008). This claim should be dismissed.

3.   **Non-Jural Entity**

Plaintiff names the Dallas County Sheriff's Department as a Defendant.  A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence.  *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991).  The Dallas County Sheriff's Department is not a separate legal entity subject to suit and therefore is not a proper party in this case.  *See Darby*, 939 F.2d at 313-14 (holding that a police department is not a jural entity); *Magnett v. Dallas County Sheriff's Department*, 1998 WL 51355 at *1 (N.D. Tex. Jan. 20, 1998 (holding Dallas County Sheriff's Department is not a legal entity).  Plaintiff's claims against the Dallas County Sheriff's Department should be dismissed.

**RECOMMENDATION**

The Court recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Signed this 31st  day of July,  2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -5-